# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DAVID SUTHERLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV412-239 |
| ) | |
| CHATHAM COUNTY DISTRICT ) | |
| ATTORNEY, LARRY CHISOLM ) | |
| INDIVIDUALLY AND ) | |
| PROFESSIONALLY, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The Court **DENIES** David Sutherland's motion for service of process. Doc. 3. He paid the Court's $350 filing fee to advance this civil rights case against seemingly everyone involved in his prosecution (*see* attached state court docket sheets). Now he asks the Clerk of this Court (hence, this Court) to serve those defendants. He is on his own, however, as he is not indigent and thus he must bear the expense of advancing his own case.[1] He therefore must fully comply with Fed. R. Civ. P. 4 or risk

---

[1] While certain leeway is permitted *pro se* plaintiffs, the Court cannot advise or assist them. Moreover, *pro se* plaintiffs are subject to the same rules governing federal proceedings that apply to all represented litigants. *E.g., Nelson v. Barden*, 145 F.

Rule 4(m) dismissal. And, he must comply with the following additional instructions.

## I. GENERAL INSTRUCTIONS

Plaintiff shall serve upon each defendant or, if appearance has been entered by counsel, upon each defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or their counsel. Fed. R. Civ. P. 5. "Every pleading must have a caption with the court's name, a title, [and] a file number." Fed. R. Civ. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk and which fails to include a caption or a certificate of service will be disregarded by the Court and returned to the sender.

---

App'x 303, 311 n. 10 (11th Cir. 2005) ("[A] defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules."); *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (liberal construction of the pleading requirements for *pro se* litigants does not equate with liberal deadlines), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Plaintiff is charged with the responsibility of immediately informing this Court of any change of his address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case. Local Rule 41.1.

Plaintiff is responsible for pursuing this case. For example, if plaintiff wishes to obtain facts and information about the case from defendants, he must initiate discovery. *See generally* Fed. R. Civ. P. 26, *et seq.* Plaintiff does not need the permission of the Court to begin discovery. However, under Rule 26(f), plaintiff is under a duty to confer with opposing counsel to develop a plan of discovery and must do so before seeking discovery from any source. *See* Fed. R. Civ. P. 26(d), (f). If plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

Interrogatories and requests for the production of documents provide a practical method of discovery for *pro se* litigants. Fed. R. Civ. P. 33, 34. Interrogatories and requests for production may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as defendants. Interrogatories and

requests for production *shall not be filed with the court.* Interrogatories are not to contain more than twenty-five questions. Fed. R. Civ. P. 33(a)(1). If plaintiff wishes to propound more than twenty-five interrogatories to a party, plaintiff must have permission of the Court. *Id.* In a request for production, plaintiff may request the opposing party to produce any designated documents for the purpose of inspection and copying. The request must set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. Fed. R. Civ. P. 34(b)(1). The request should specify a reasonable time and place (such as defendant's place of business) for making the inspection. *Id.*

Should it become necessary to file a motion to compel discovery under Fed. R. Civ. P. 37, plaintiff should first contact the attorney for defendant to try to work out the problem; if the problem cannot be resolved, plaintiff must file a statement certifying that opposing counsel has been contacted in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(1). Plaintiff has the responsibility for maintaining his or her own records of the case. If plaintiff loses

papers and needs new copies, plaintiff may obtain them online or from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

It is the plaintiff's duty to cooperate fully in any discovery which may be initiated by the defendant. Evasive or incomplete responses to discovery will not be tolerated and may subject plaintiff to severe sanctions, *including dismissal of this case*. Should any defendant endeavor to take plaintiff's deposition, plaintiff shall permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

## II. ADDITIONAL INSTRUCTIONS

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if plaintiff fails to respond to a motion to dismiss, the Court will assume that plaintiff does not oppose defendant's motion.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Local Rules 7.5, 56.1. The

failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the defendant's statement of material facts will, if evidentially supported, be deemed admitted unless specifically controverted by an opposing statement. Should a defendant file a motion for summary judgment, plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be met by reliance upon the conclusory allegations contained within the complaint.

Should a defendant's motion for summary judgment be supported by affidavit(s), plaintiff must file counter-affidavits if he desires to contest that defendant's statement of the facts, if the facts are evidentially supported. Should plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any evidentially supported factual assertions made in defendant's affidavits may be accepted as true and summary judgment may be entered against him pursuant to Fed. R. Civ. P. 56.

**SO ORDERED** this 1st day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



CHATHAM COUNTY, GA
Eastern Judicial Circuit of Georgia

Case Details 

 CASE LOOKUP

 COURT FORMS

# Case Details



COURT FEES

MAP & DIRECTIONS

JURY SERVICES

 SITE SEARCH

### State
### VS.
### SUTHERLAND, DAVID RICHARD

- Case Events
- Charges
- Parties
- Proceedings

**Case Information**

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR072258 |
| Case Type: | THEFT-F |
| Judge: | HONORABLE MICHAEL KARPF |
| Assistant District Attorney: | ANNA GUARDINO |
| Date Filed: | 8/29/2007 |
| Status: | CLOSED - GUILTY PLEA(O) |
| Disposition Date: | 6/13/2008 |
| Disposition: | GUILTY PLEA(O) |

**Defendant Information**

| | |
|---|---|
| Name: | SUTHERLAND, DAVID RICHARD |
| DIN: | X0021263 |
| Gender: | MALE |
| Race: | WHITE |
| Height: | 69 |
| Weight: | 140 |
| Eyes: | GREEN |
| Hair: | GREY/PARTIALLY GREY |

Chatham County Sheriff X0021263

Click for large Picture

**Attorney Information**
N/A

**Bondsman Information**
N/A

**Case Events**

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 8/31/2009 | 09:00AM | MOTION HEARING (MTH) | MICHAEL KARPF | DISMISSED |
| 12/22/2008 | 10:00AM | MOTION HEARING (MTH) | MICHAEL KARPF | DISMISSED |
| 6/13/2008 | 1:30PM | PLEA HEARING | MICHAEL KARPF | CANCELLED EVENT - CL |
| 6/2/2008 | 10:00AM | JURY TRIAL | MICHAEL KARPF | CANCELLED EVENT - CL |
| 5/20/2008 | 09:30AM | TRIAL DOCKET CALL | MICHAEL KARPF | CANCELLED EVENT - CL |
| 2/26/2008 | 09:30AM | TRIAL DOCKET CALL | MICHAEL KARPF | CANCELLED EVENT - CL |
| 12/3/2007 | 09:00AM | PRETRIAL HEARING | MICHAEL KARPF | CANCELLED EVENT - CL |
| 10/22/2007 | 1:30PM | ARRAIGNMENT/TRACKING DOCKET | MICHAEL KARPF | CANCELLED EVENT - CL |

[Return to Top]

**Charges**

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-12-120(A)(7) | UNLAWFUL ACT IN PUBLIC TRANSIT | 1 | FELONY | 5/2/2007 3:18:23 PM | Nolle Pros 6/18/2009 |
| Sentencing Details: | Description | | Fine | Duration | |
| | | | $0.00 | 5 Years-PRISON | |
| 16-8-2 | THEFT BY TAKING | 1 | FELONY | 5/2/2007 3:20:04 PM | Nolle Pros 6/16/2009 |
| Sentencing Details: | Description | | Fine | Duration | |
| | | | $0.00 | 12 Months-PRISON | |
| 16-12-126(a) | Interference with Safety Device | 1 | FELONY | 8/22/2007 | Nolle Pros 6/16/2009 |
| Sentencing Details: | Description | | Fine | Duration | |
| | | | $0.00 | 5 Years-PROBATION | |
| 16-8-2 | THEFT BY TAKING | 1 | FELONY | 8/22/2007 | Nolle Pros 6/16/2009 |
| Sentencing Details: | Description | | Fine | Duration | |
| | | | $0.00 | 12 Months-PRISON | |

[Return to Top]

### Proceedings

| Date | Time | Event | Status | Judge | Notes |
|---|---|---|---|---|---|
| 4/17/2012 | | RETURN OF SERVICE | | | FROM DAVID SUTHERLAND/ |
| 10/8/2009 | | TRANSCRIPT RECEIVED | RECEIVED | | ANNOUNCEMENT 08-31-2009. |
| 8/31/2009 | 09:00AM | MOTION HEARING (MTH) | DISMISSED | MICHAEL KARPF | |
| 6/17/2009 | | NOLLE PROSEQUI | | | |
| 12/22/2008 | 10:00AM | MOTION HEARING (MTH) | DISMISSED | MICHAEL KARPF | |
| 9/3/2008 | | TRANSCRIPT RECEIVED | RECEIVED | | OE PLEA 13 JUN 08 |
| 7/17/2008 | | PRO SE LETTER RECEIVED | | | FILED BY DEF: CASE INQUIRY RPT/ |
| 6/24/2008 | | PRO SE LETTER RECEIVED | | | FILED BY DEF: REQUEST COPY OF SENTENCE/ |
| 6/13/2008 | | CASE DISPOSED | GUILTY PLEA OPEN | MICHAEL KARPF | CASE DISPOSED GO |
| 6/13/2008 | 1:30PM | PLEA HEARING | CANCELLED EVENT - CL | MICHAEL KARPF | |
| 6/2/2008 | 10:00AM | JURY TRIAL | CANCELLED EVENT - CL | MICHAEL KARPF | |
| 5/20/2008 | 09:30AM | TRIAL DOCKET CALL | CANCELLED EVENT - CL | MICHAEL KARPF | |
| 2/26/2008 | 09:30AM | TRIAL DOCKET CALL | CANCELLED EVENT - CL | MICHAEL KARPF | |
| 12/3/2007 | 09:00AM | PRETRIAL HEARING | CANCELLED EVENT - CL | MICHAEL KARPF | |
| 10/22/2007 | 1:30PM | ARRAIGNMENT/TRACKING DOCKET | CANCELLED EVENT - CL | MICHAEL KARPF | |
| 9/10/2007 3:42:33 PM | | SCREENING | | | INITIAL CASE SCREENING / SCANNING |

[Return to Top]