UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

DAVID SUTHERLAND,            )
                             )
    Plaintiff,               )
                             )
v.                           )   Case No. CV412-239
                             )
CHATHAM COUNTY DISTRICT      )
ATTORNEY, LARRY CHISOLM      )
INDIVIDUALLY AND             )
PROFESSIONALLY, *et al.*,    )
                             )
    Defendants.              )

## ORDER

Proceeding *pro se*, David Sutherland brought this 42 U.S.C. § 1983 case against a lengthy list of defendants alleged to have backed the conviction that he unsuccessfully challenged in *Sutherland v. Rawl*, CV411-107, doc. 29 (S.D. Ga. Apr. 13, 2012) (unappealed judgment dismissing his 28 U.S.C. § 2254 petition).[1]  He misnamed two of those defendants, however, so the Court **GRANTS** his motion to amend to that extent: The name of the defendant, North Fork Southern Rail Road Corporation (doc. 1 at 2), is changed to Norfolk Southern Corporation,

---

[1] He paid the Court's filing fee, doc. 1, so the Court did not screen his case under 28 U.S.C. § 1915(e)(2) or § 1915A.

and the name of defendant Andrea Pauley is amended to Andrea Herbster. Doc. 16 at 1; *see also* doc. 22 at 2. The Clerk shall amend the docket caption accordingly; all subsequent filings shall conform.

The Court **DENIES** plaintiff's motion to the Clerk to make a copy of his habeas corpus case affidavit and exhibits, then file them in this case. Doc. 21. Sutherland is not indigent (he paid the $350 filing fee) and may purchase copies of his own filings by paying the Clerk $.50/page, or download copies through PACER. The Clerk will not perform secretarial services for him.

Finally, the Court warns plaintiff about using civil litigation in an attempt to unravel a criminal conviction or indulge in harassing "payback litigation." Monetary sanctions await those who violate Fed. R. Civ. P. 11(b). *McDonald v. Emory Healthcare Eye Center*, 391 F. App'x 851, 852 (11th Cir. 2010) (district court was within its discretion in dismissing plaintiff's pro se complaint as a Rule 11 sanction, where plaintiff filed pleadings for the improper purpose of harassing defendants, presented claims that were frivolous and had no legal or factual support, and, consistent with due process, the court gave plaintiff proper notice and opportunities to respond before imposing incremental

sanctions); *Bank of the Ozarks v. Kingsland Hosp., LLC*, CV411-237, doc. 45 at 5, 7 (S.D. Ga. Nov. 26, 2012) (*sua sponte* Rule 11 sanction against defense counsel for advancing baseless affirmative defenses).[2]

**SO ORDERED** this 29Th day of November, 2012.

                                                    */s/ M. Smith*
                                                UNITED STATES MAGISTRATE JUDGE
                                                SOUTHERN DISTRICT OF GEORGIA

---

[2] As another court explains:

> "'The purpose to Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts.'" *Peer v. Lewis* 606 F.3d 1306, 1311 (11th Cir. 2010) (citing 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 11.03(3d ed. 2010) (other citations omitted). To assess a request for Rule 11 sanctions, a court inquires into whether the party's claims are objectively frivolous, and whether the person who signed the pleadings should have been aware that the pleadings were frivolous. *Id.* (citing *Bryne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir.2001) (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). The standard is an objective one, therefore, a court views the pleadings from the standard of whether a reasonable litigant in similar circumstances could believe his actions were factually and legally justified. *McDonald v. Emory Healthcare Eye Center*, 391 Fed. App'x. 851, 852–53 (11th Cir. 2010) (citing *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). If evidentiary support is not obtained through further investigation or discovery, then the filer has a duty not to persist with that claim. *Peer v. Lewis*, 606 F.3d at 1311 (citations omitted). A court should avoid the use of hindsight and should review the pleadings at the time they were filed. *Id.* (citations omitted).

*Commerce First Financial, LLC v. Summerlin Bass, LLC*, 2011 WL 4902970 at * 3 (M.D. Fla. Sep. 13, 2011).