# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DAVID SUTHERLAND, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV412-239 |
| CHATHAM COUNTY DISTRICT ATTORNEY, LARRY CHISOLM INDIVIDUALLY AND PROFESSIONALLY, *et al.*, | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

This is a spite suit brought by David Sutherland, a convicted felon, who is proceeding *pro se* and has paid the Court's filing fee. He invokes a mélange of constitutional amendments and civil rights statutes against pretty much anyone he believes contributed to the conviction that he unsuccessfully challenged in *Sutherland v. Rawl*, CV411-107, doc. 29 (S.D. Ga. Apr. 13, 2012) (unappealed judgment dismissing his 28 U.S.C. § 2254 petition), *reported at* 2012 WL 831019. Most of the defendants he served now move to dismiss. Doc. 23 (Larry Chisolm, Michael Edwards, and June Fogle); doc. 27 (Andrea Herbster & Norfolk Southern

Corporation); doc. 29 (CSX Corporation, William T. Moore, George Mullis, Larry Snipes, David Ziegler); doc. 41 (Michael Jarrell, Savannah Recycling).[1] Some move to stay the proceedings while their motion to dismiss is resolved. Docs. 24 & 46.

## I. BACKGROUND

As noted in *Rawls*, Sutherland was indicted in state court for violating O.C.G.A. § 16-12-126 ("Interference With Safety or Traffic Control Device"); O.C.G.A. § 16-8-2 ("Theft by Taking"), and O.C.G.A. § 16-7-20 ("Possession of Tools for the Commission of a Crime"). *Rawls*, 2012 WL 831019 at * 1. He pled guilty under a plea-bargain, *id.*, and thus was convicted on all charges on June 13, 2008. *Sutherland v. Goodrich*, 2009 WL 176564 at * 1 (S.D. Ga. June 22, 2009). The factual basis to his plea informs Sutherland's selection of defendants sued here:

> A CSX [railroad] employee, George Mullis, supplied part of the plea's factual basis. CSX used wire-based communications. When CSX suffered a signal failure, Mullis investigated and found that someone had been cutting and stripping railroad wires for scrap-copper sales to a salvager. *Id.* at 82-86. That someone was Sutherland: "[W]e actually caught him in the [nearby] woods with the wiring and there was [sic] pliers, ropes, different things used to cut the wires. That's when I found Mr. Sutherland hiding behind a tree." Doc. 23-2 at 1.

---

[1] Captioned defendants Esabel M. Pauley and Anna Gaurdina were never served. Some police defendants, noted *infra*, were served but have not moved to dismiss.

> Sutherland had been seen at wire-theft locations before, too. *Id.* In fact, Mullis had previously confronted and warned him about the dangers of cutting railroad wires. *Id.* at 2–3. Mullis had also gone to a local metal scrap dealer and "was given a receipt with [Sutherland's] picture ID on it and the wire that I had picked up." *Id.* at 3.
>
> But Sutherland simply would not stop thieving. On May 2, 2007, CSX investigator William Thomas Moore encountered him and another man while they were "pulling wire from signal poles into a wooded area, stripping wire, and they were arrested by [local police]." *Id.* at 7. At the hearing Moore produced scrap dealer receipts showing that Sutherland had sold scrap copper before that date, to which [Sutherland's defense counsel] objected. *Id.* at 11–13. The judge reassured her that he would not consider them. *Id.* at 13. . . .
>
> Stressing the danger to the public (cut signal wires can cause errant trains), and the fact that Sutherland had been previously warned about stealing the railroad's wiring, the judge sentenced him to 12 months on the theft by taking charge, plus five years (to run concurrently) on the "interference" charge, plus a probated five-year sentence on the possession-of-tools charge. *Id.* at 16–17. "So, it's a ten, do five, sentence." *Id.* at 17.

*Rawls*, 2012 WL 831019 at * 1-2.

Concluding that his federal habeas petition was "jaw-droppingly frivolous," this Court denied Sutherland § 2254 relief. *Id.* at * 4-5, *adopted*, 2012 WL 1255249 (S.D. Ga. Apr. 13, 2012). Sutherland took no appeal. Instead, he filed this case, seeking only money damages. Doc. 1. The Court has since warned him about "using civil litigation in an

3

attempt to unravel a criminal conviction, or indulge in harassing "payback litigation: Fed. R. Civ. P. 11 monetary sanctions await those who violate Rule 11(b)." Doc. 25 at 2-3.

## II. ANALYSIS

Likewise, *this* case is jaw-droppingly frivolous. It is obvious that Sutherland simply looked up the names of all the people and entities involved in his prosecution, including the scrap dealer (Michael Jarrell, Savannah Recycling), then decided that they "conspired" to "forcibly kidnap" him for a "scam trial" and wrongful imprisonment. Doc. 1 at 8 ¶ 27. To that end, he has simply plucked from the law books pretty much anything that bears a "due process" or equal protection concept, then listed them in no particular order, and coupled them with short-burst, wholly conclusory (hence, non-actionable) allegations.[2] *Id.* at 1-10 (citing

---

[2] The Court is evaluating the allegations under the Fed. R. Civ. P. 12(b)(6) standards:

> Following the Supreme Court's approach in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Eleventh Circuit has suggested that, when considering a motion to dismiss, courts: "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir.2010) (quotations omitted). Allegations entitled to no assumption of truth include "[l]egal conclusions without adequate factual support" or "[f]ormulaic recitations of

civil rights statutes like 42 U.S.C. §§ 1983, 1985 & 1986, as well as *criminal* civil rights statutes like 18 U.S.C. § 242, plus violations of the 1st, 4th, 5th, 6th, 8th and 14th Amendments, spiced with "under color of law" allegations).

Once plaintiff's legal gibberish is boiled off, this claim emerges: He is innocent and everyone sued "conspired" to pin him with false charges and an unconstitutional conviction. But since that malicious prosecution claim goes to the invalidity of his conviction, it is barred by *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (a § 1983 damages claim that necessarily calls into question the lawfulness of the underlying conviction or sentence "does not accrue until the conviction or sentence has been invalidated"); *Towbridge v. Tacker*, 488 F. App'x 402, 405 (11th Cir. 2012); *Harris v. Falls*, ___ F. Supp. 2d ___, 2013 WL 360138 at * 9 (N.D. Ala. Jan. 30, 2013).

---

the elements of a claim." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir.2011).

*Lenbro Holding Inc. v. Falic*, 2013 WL 172908 at * 2 (11th Cir. Jan. 16, 2013).

Even with this Court according a liberal construction to *pro se* pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Finally, when factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal*, 556 U.S. at 680; *Vandenbrink v. Voneschen*, 2013 WL 360328 at * 3 (M.D. Fla. Jan. 30, 2013).

5

In his "unlawful arrest" claim, Sutherland alleges only that various individuals "unlawfully" arrested him "in conspiracy to deprive [him] of the Constitutionally secured Right to be free from Unlawful Arrest, Search and Seizure." Doc. 1 at 7. That is a conclusion, not a claim (*i.e.*, he has alleged no facts supporting the elements of a false arrest claim). *See Gray v. City of Roswell*, 486 F. App'x 798, 800-801 (11th Cir. 2012) (elements shown); *Harris*, 2013 WL 360138 at * 10.

Other legal defects also rendered this case dead on arrival. Sutherland alleges claims against "Judicial Officers," doc. 1 at 4, for example, but they are immune, *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005); *McCone v. City of Orlando*, 2012 WL 5519683 at * 2 (11th Cir. Nov. 15, 2012), as are his prosecutor defendants. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Allen v. Florida*, 458 F. App'x 841, 843 (11th Cir. 2012). His claims against the public defender defendants also fail outright. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

Plaintiff's claims against the private individuals and entities also fail for lack of state action. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003), *cited in Stringer v. Doe*, 2013 WL 163833 at * 2 (11th Cir. Jan. 15, 2013) (§ 1983 complaint brought against sheriff, deputies, diving center employees, and Doe defendants following altercation at campsite and in diving center failed to state claim against any of the defendants, warranting *sua sponte* dismissal; Doe defendants and dive shop employees were non-state actors who did not commit any acts under color of state law).

Additionally, Sutherland's civil rights claims[3] fall outside of the statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). He filed this case on September 19, 2012 for an alleged civil rights violation that occurred in either 2007 or 2008, more than four years earlier. Hence, it was filed outside of the two-year limitations period applicable to § 1983 and § 1985 actions brought in Georgia.

---

[3] His 18 U.S.C. § 242 and other criminal-law based claims support no civil cause of action. *Thibeaux v. U.S. Atty. Gen.*, 275 F. App'x 889, 893 (11th Cir. 2008 (criminal statutes regarding federally protected activities and deprivation of rights did not provide a civil cause of action or civil remedies); *Pitts v. City of Cuba*, 2011 WL 53076 at * 15 (E.D. Mo. Jan. 7, 2011).

7

*Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."); *Muhammad v. Bethel*, 430 F. App'x 750, 753 (11th Cir. 2011) (applying state two-year limitations period to §§ 1983, 1985, & 1986 claims).

## III. CONCLUSION

The Court should **GRANT** the moving defendants' dismissal motions. Docs. 23, 27, 29 & 41. Meanwhile, the Court **GRANTS** the defense motions to stay these proceedings, as to those defendants, in the meantime. Docs. 24 & 46. Plaintiff Sutherland's "Motion and Notice" (doc. 48) is **DENIED** as frivolous.

Sutherland never served captioned defendants Esabel M. Pauley and Anna Gaurdina. Within 14 days he must show good cause why the Court should not dismiss his case against them for failing to serve them within Fed. R. Civ. P. 4(m)'s 120-day window. Also within that period the police defendants (Sgt. Ernst Gregory, Officer David Hendricks, Detective Puhala, and Detective C. Medina) shall either move for summary disposition for show the Court why they cannot. Defendants are free to move for Rule 11 sanctions, too. *See, e.g., Bank of the Ozarks*

*v. Kingsland Hosp., LLC*, CV411-237, doc. 45 at 5, 7, 2012 WL 5928641 at * 1, 7 (S.D. Ga. Nov. 26, 2012) (*sua sponte* Rule 11 sanction against defense counsel for advancing what "appeared to be wanton pleading of defenses with no apparent basis in the record").[4]

**SO REPORTED AND RECOMMENDED** this _13TH_ day of February, 2013.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA1

---

[4] Note that after the Court initially warned him of Rule 11 sanctions, doc. 25 at 2-3, Sutherland moved to "withdraw" his case without prejudice, citing "health reasons." Doc. 31. The Court directed him to certify his health claim before considering that request. Doc. 35 at 1-2. Sutherland then evidently "recovered," because he never made that showing, but instead withdrew his attempt to dismiss his case without prejudice. Doc. 38.