# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DAVID SUTHERLAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHATHAM COUNTY DISTRICT )<br>ATTORNEY, LARRY CHISOLM )<br>INDIVIDUALLY AND )<br>PROFESSIONALLY, *et al.*, )<br>)<br>Defendants. ) | Case No. CV412-239 |

## **REPORT AND RECOMMENDATION**

In its last Report and Recommendation (R&R) the Court gave plaintiff David Sutherland 14 days to show cause why it should not dismiss his case against defendants Esabel M. Pauley and Anna Guardina for failing to serve them within Fed. R. Civ. P. 4(m)'s 120-day window. Doc. 49 at 8. As he has failed to do so, his case against those defendants should be dismissed.

The Court also directed "the police defendants (Sgt. Ernst Gregory, Officer David Hendricks, Detective Puhala, and Detective C. Medina) [to] either move for summary disposition for show the Court why they cannot." *Id.* They now point out that they had already done so. Doc. 53 (citing doc. 26).[1]

Sutherland's case against the police defendants[2] should be **DISMISSED WITH PREJUDICE** for the same reasons set forth in the Court's last R&R, doc. 49. And now that all claims have been reached

---

[1] The Court's docketing software did not illuminate this motion on the docket because defense counsel E-filed "Defendants' ANSWER to Complaint and Motion to Dismiss by Ernst Gregory, David Hendricks, C. Medina." Doc. 26. Thus, the Court's docketing software responded to the Answer, but generated no "gavel icon" response to the "motion," which eluded the Court's attention. This same problem occurred in *Haggins v. Schroyer*, CV411-209, doc. 58 (S.D. Ga. Jan. 25, 2013), filed by the same lawyer. It would greatly assist the Court if counsel would coordinate with the Clerk to ensure that the proper E-file coding is applied on compound entries like this.

[2] The "City of Savannah" believes that it may be a defendant in this case because it says Sutherland sued its police department. Doc. 53 at 1; doc. 26 at 1. The Clerk did not docket the city as a defendant and the Court does not read it as one. Even if it were, plaintiff's case would fail because the police department is not an entity capable of being sued. *See Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992); *Foley v. Savannah Fire Department*, CV412-236, doc. 3 at 2 (S.D. Ga. Oct. 22, 2012). For good measure, then, the Court rules that any claim against the City should likewise be dismissed.

The Court also agrees with the police defendants that Sutherland "makes no specific allegation of acts or omissions undertaken by these [d]efendants that constituted a tort, much less a violation of his constitutional rights, much less still what specific right was violated. Plaintiff only makes generalized conclusions that his rights were violated without disclosing how his rights were violated or specifically which of his personal rights were violated, only citing provisions of law in his unsubstantiated conclusions." Doc. 53-1 at 11; doc. 26 at 11.

against all defendants, his entire case should be **DISMISSED WITH PREJUDICE** as to the moving defendants, and **WITHOUT PREJUDICE** as to the Rule 4(m) defendants.

**SO REPORTED AND RECOMMENDED**, this 5th day of March, 2013.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA1